**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **US Herbs, LLC,** *et al.***,** | ) | **CASE NO. 1:15 CV 2557** |
| | ) | |
| Plaintiffs, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Riverside Partners, LLC,** *et al.***,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Motion of Riverside Partners, LLC and 2003 Riverside Capital Appreciation Fund, L.P. to Dismiss the Complaint (Doc. 13). This case centers around a breach of contract. For the reasons that follow, the motion is GRANTED.

**FACTS**

Plaintiffs, US Herbs, LLC, Mati Karni, Karni Family Farm, LLC, and US Herbs Co., LLC (collectively "plaintiffs"), bring this lawsuit against defendants, Riverside Partners, LLC ("Riverside LLC"), 2003 Riverside Capital Appreciation Fund, L.P. ("Riverside LP")(collectively "defendants" or "Riverside defendants"), and Rocket Farms Herbs, Inc.

1

("Rocket Farm"), alleging wrongdoing in connection with a contractual relationship involving the sale of herbs.

For purposes of ruling on defendants' motion, the facts in the complaint are presumed true. The Court will endeavor to set forth those facts as accurately as possible, although this task is complicated by the fact that certain critical information in the narrative is lacking from the complaint.

It appears that plaintiffs are out-of-state residents that were at one point engaged in the sale of herbs. Plaintiffs do not allege that they ever registered to do business in the State of Ohio. On the one hand, plaintiffs allege that on August 2, 2010, they *collectively* entered into a Supply and Licensing Agreement ("Agreement") with non-party Herb Thyme Farms, Inc. ("Herb Thyme"). That document is attached as an exhibit to the complaint. A cursory review of the Agreement demonstrates that the parties to that document are "US Herbs dba Lake Michigan Herbs" and Herb Thyme. Public records from the state in which plaintiff "US Herbs LLC" is registered, however, show that the entity did not exist until 2011. Thus, it is not clear which, if any, of the plaintiffs are parties to the Agreement.

Prior to entering into the Agreement, plaintiff Karni had negotiations with Jordan Owens. Owens is alleged to be an Herb Thyme "executive." Owens confirmed that Herb Thyme was able to service plaintiffs' customers. Owens did not disclose that Herb Thyme had preexisting business disputes with plaintiffs' customers. Nor did Herb Thyme disclose that a class action was pending against Herb Thyme for mislabeling products.

Pursuant to the Agreement, Herb Thyme agreed to supply herbs to plaintiffs' customers. During the course of performance, a dispute arose regarding Herb Thyme's delivery of poor

quality products. Ultimately, plaintiffs lost 65% of their customers and ceased making payments to Herb Thyme. As a result, the parties terminated the Agreement.

Shortly thereafter, a modification ("Modification") to the Agreement was negotiated. Although plaintiffs again appear to allege that the Modification is between all plaintiffs and Herb Thyme, the Modification plainly provides that it is between Herb Thyme on the one hand, and "US Herbs, Inc." and Matt Karni on the other. Although not alleged in the complaint, it appears from the briefs that US Herbs, Inc. has never existed as a legally cognizable entity. According to the complaint, George Benson, an executive with the "Riverside Company," negotiated the Modification.

Herb Thyme is not a party to this lawsuit. Plaintiffs did, however, name the moving defendants as parties to this case. Riverside LP is alleged to be a Delaware limited partnership. Riverside LLC is alleged to be a Delaware limited liability company. Plaintiffs allege that Riverside LLC operates as "Riverside Company." Plaintiffs further allege that Riverside LP is a "subsidiary" of Riverside LLC. According to the complaint, Riverside LLC buys a business and then resells the business within three to five years in order to make a profit. In April 2008, Riverside LLC caused Riverside LLP to purchase Herb Thyme. After the Modification, Riverside LLC and Riverside LLP decided to sell Herb Thyme. No party informed plaintiffs of the sale.

According to the complaint, in December of 2012, Riverside LLC "caused" Riverside LLP to sell Herb Thyme to defendant Rocket Farm. Plaintiffs attached the sale agreement to the complaint. The sale agreement, however, discloses that non-party Key Bank, N.A. as agent for itself and other Herb Thyme lenders and certain Herb Thyme entities, sold Herb Thyme's assets

3

to Rocket Farm.  The sale agreement further contains an assignment provision, which purportedly assigned the Modification to Rocket Farm.  Plaintiffs allege that Riverside LLC and Riverside LLP "caused" this assignment to occur.  After the asset purchase, Rocket Farm continued to service plaintiffs' customers, but failed to make payments to plaintiffs.

On June 20, 2014, "US Herbs" filed a lawsuit against Herb Thyme, Rocket Farm, and "the Riverside Company" in state court.  According to the complaint in this case, the state court complaint asserted claims for breach of contract, tortious interference with contract, tortious interference with business relationships, unjust enrichment, and conversion.  That case was voluntarily dismissed and this lawsuit followed.

The complaint contains seven claims for relief.  Count one is a claim for tortious interference with contract and it is asserted against defendants and Rocket Farm.  Plaintiffs allege that defendants tortiously interfered with the Agreement and Modification by negotiating the sale of Herb Thyme's assets.  Count two is a second claim for tortious interference with contract and is asserted against defendants and Rocket Farm.  In count two, plaintiffs claim that defendants tortiously interfered with contracts between plaintiffs and their customers by negotiating the Modification and casuing all of the assets of Herb Thyme to be sold to Rocket Farm.  Count three is a claim for tortious interference with business relationships and is asserted against defendants and Rocket Farm.  Plaintiffs allege that relationships existed between plaintiffs and their customers and that defendants intentionally interfered with those relationships by negotiating the Modification and causing the sale of Herb Thyme's assets.  Count four is a claim for breach of contract and count five is a claim for unjust enrichment.  These claims are asserted only against Rocket Farm.  Counts six and seven allege fraud in the inducement and

4


fraud, respectively. These claims are asserted only against defendants Riverside LLP and Riverside LLC.

Defendants move to dismiss all counts asserted against them and plaintiffs oppose the motion.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

**ANALYSIS**

Defendants make a multitude of arguments claiming that dismissal is appropriate with respect to the clams asserted against them.  The Court will address only those arguments necessary to resolve defendants' motion.

1. The fraud claims

Defendants argue that count six (fraudulent inducement) and count seven (fraud) fail to state claims for which relief may be granted because the complaint fails to meet the heightened pleading standards set forth in Fed.R. Civ. Pro. 9(b).  Defendants claim that plaintiffs do not identify the time, place, or manner of the fraud.  In response, plaintiffs argue that the fraud occurred at or about the time the parties entered into the Agreement and the Modification.  Plaintiffs argue that at the time of the negotiations between plaintiffs and Herb Thyme, Herb Thyme was owned by Riverside LP, which was a "subsidiary" of Riverside LLC.  Plaintiffs point out that they allege that George Benson, an executive with Riverside LLC, negotiated the Modification.  According to plaintiffs, because Riverside LLC owns Riverside LLP, this allegation is sufficient to allege fraud as to both Riverside defendants.  Plaintiffs point out that the "content" of the fraud is alleged in the complaint and consists of failing to inform plaintiffs

6

that Herb Thyme lacked the ability to service plaintiffs' customers. Plaintiffs also note that a pending class action existed at the time the parties' entered into the Agreement.

Upon review, the Court finds that plaintiffs fall far short of satisfying Rule 9(b)'s pleading requirements. When pleading fraud, Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud." It is well-settled in the Sixth Circuit that circumstances constituting fraud include "the time, place, and content of the alleged misrepresentation" as well as the identity of the individual making the representation. *United States v. Ford Motor Credit Co.,* 532 F.3d 496, 504 (6th Cir. 2008) (internal quotations omitted); *Sogevalor, SA v. Penn Central Corp.,* 771 F. Supp. 890, 893 (S.D. Ohio 1991) (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 680 (6th Cir. 1988)). The plaintiff must also allege "the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Ford Motor Credit,* 532 F.3d at 504. The purpose of this requirement is to "ensur[e] that a defendant is provided with at least the minimum degree of detail necessary to begin a competent defense." *Id.* Implicit in this purpose are two related concerns. First, requiring a plaintiff to plead fraud with particularity "discourages fishing expeditions and strike suits which appear more likely to consume a defendant's resources than to reveal evidence of wrongdoing." *Id.* (internal quotations omitted). Second, the particularity requirement protects a defendant from "unwarranted damage to its reputation caused by spurious charges of immoral and fraudulent behavior." *Id.* (internal quotations omitted).

Here, plaintiffs' complaint fails to sufficiently plead fraud for a number of reasons. As an initial matter, with regard to any alleged fraud in connection with the Agreement, plaintiffs expressly allege that they negotiated the Agreement with Jordan Owens, an executive with Herb

Thyme.  The complaint is completely devoid of any allegations regarding either Riverside defendant.  Thus, to the extent that failing to disclose either the class action lawsuit or that Herb Thyme had poor relationships with its customers could form the basis of a fraud claim, those allegations are directed at Herb Thyme.  The only allegation tying Riverside LLC or Riverside LP to these actions is an allegation that Riverside LP "owned" Herb Thyme and that Riverside LLC in turn owned Riverside LP.  These general allegations, however, are not sufficient to state a fraud claim.  In connection with the negotiation and consummation of the Agreement, plaintiffs wholly fail to identify any individual at either Riverside LP or Riverside LLC who knew of the allegedly fraudulent omissions.  And, the Court agrees with defendants, that even assuming one of the Riverside defendants knew that Herb Thyme had poor relationships with its customers and was the subject of a class action lawsuit, plaintiffs wholly fail to allege any facts giving rise to a duty on the part of the Riverside defendants.  At best, Riverside LLP is alleged to possibly be a shareholder of Herb Thyme.  Absent additional allegations, status as a shareholder does not in and of itself give rise to a duty to disclose.[1]  Even more removed, Riverside LLC is alleged to be the owner of Riverside LP.  Notably, plaintiffs do not attempt to allege liability based on an alter ego theory.

      Even a cursory review of the Complaint discloses that plaintiffs' fraud claims are directed at the Agreement and not the Modification.  Plaintiffs' complaint defines the terms separately and counts six and seven mention only the Agreement and wholly fail to address in

---

[1] It is not at all clear whether Riverside LLP was in fact a shareholder.  The complaint simply notes that Riverside LLC "caused its subsidiary" Riverside LLP to purchase Herb Thyme.  Throughout the briefing, however, plaintiffs refer to Herb Thyme as a "unit" of Riverside LLP.

8

any fashion the parties' Modification.[2] Standing alone, this is a sufficient basis to warrant dismissal of both fraud claims to the extent plaintiffs now argue the claims are directed at the Modification. Even if the claims could arguably be read to involve the Modification, the Court finds that plaintiffs fail to satisfy Rule 9(b)'s pleading requirements in any event. Plaintiffs allege that George Benson, an executive with Riverside LLC, negotiated the Modification.[3] Again, however, in connection with their fraud claims, plaintiffs lump all defendants together and make no separate allegations concerning each individual defendant. *See, e.g.*, Compl. ¶141 ("defendants were aware that they were failing to disclose material information to US Herbs"). Plaintiffs continue to argue that "defendants failed to disclose the existence of a class action lawsuit prior to US Herbs entering into the Contract." (Compl. ¶ 138). Yet, there are no allegations that at the time the parties entered into the Modification, George Benson knew that a class action was pending against Herb Thyme. In fact, the only allegation directed at Benson avers that he negotiated the Modification. Plaintiffs' arguments regarding the alleged failure of "defendants" to disclose that Herb Thyme had poor business relationships with plaintiffs' customers fares worse. Plaintiffs expressly allege that they lost at least 65% of their business and that plaintiffs terminated the Agreement because of Herb Thyme's poor performance. Thus, at the time the parties entered into the Modification, plaintiffs themselves were aware of Herb Thyme's poor relationships with plaintiffs' customers. As a result of plaintiffs' own allegations, there could be no reasonable reliance on any alleged omission by any of the "defendants"

---

[2] Plaintiffs' define the Agreement as the "Contract" and the Modification as the "Modification." *See*, Compl. ¶¶ 29, 53. Counts six and seven are directed solely at the "Contract."

[3] There are no allegations directed at any person at Riverside LP.

regarding Herb Thyme's abilities.  Accordingly, to the extent the fraud claims could conceivably be directed at the Modification, the claims fail to state a claim for which relief may be granted.

      2.  The tortious interference claims

In Ohio, the elements of a claim for tortious interference with contract are: (1) the existence of a contract; (2) the wrongdoer's knowledge of the contract; (3) the wrongdoer's intentional procurement of the contract's breach; (4) a lack of justification; and (5) resulting damages.  *E.g., Fred Siegel Co., LPA v. Arter & Hadden*, 707 N.E.2d 853 (Ohio 1999).  Defendants argue that plaintiffs fail to state claims for tortious interference.  According to defendants, the complaint expressly alleges that the "interference" arose because defendants "caused" the sale of Herb Thyme to Rocket Farms.  (Compl. ¶¶ 95, 107).  According to defendants, these allegations cannot relate to the Agreement, because the Agreement did not exist at the time Herb Thyme's assets were sold.  Defendants also argue that the asset purchase agreement discloses that the sale was consummated by the lenders because Herb Thyme defaulted on its loans.  Therefore, the document attached to plaintiffs' complaint directly contradicts plaintiffs' allegation that defendants somehow "caused" the asset sale.

In response, plaintiffs argue that they have stated a claim for tortious interference based on the Agreement because "the control that [the Riverside defendants] had over Herb Thyme *could* have led to Herb Thyme's breach of the Agreement and *could* have been the very reason that Herb Thyme serviced the agreement so poorly." (Emphasis added)  Plaintiffs claim that they need discovery in order to determine the level of control that the Riverside defendants exercised over Herb Thyme.  In addition, plaintiffs argue that they state claims for tortious interference as a result of the Riverside defendants' involvement in the asset purchase.

10

Upon review, the Court finds that plaintiffs fail to state claims for tortious interference. There are three tortious interference claims set forth in the complaint. All three claims expressly assert that Rocket Farms' asset purchase of Herb Thyme caused the interference with either plaintiffs' contracts or business relationships. *See*, Compl. ¶¶83, 95, 107. The Court agrees with defendants that because plaintiffs expressly allege that the Agreement terminated prior to the asset sale, the Agreement did not exist at the time and could not serve as the basis for a tortious interference with contract claim. In addition, the Court rejects plaintiffs' argument that to the extent the complaint is arguably directed at the Agreement, discovery is necessary to demonstrate the degree of control the Riverside defendants exercised over Herb Thyme. Other than general allegations regarding the fact that Riverside LLC caused Riverside LP to purchase Herb Thyme, there are no allegations regarding any control either entity exerted over Herb Thyme. In fact, the complaint alleges that the Agreement was negotiated by an executive of Herb Thyme. (Compl. ¶ 34). And, as set forth above, there are no alter ego or piercing the corporate veil claims in the complaint. For these reasons, plaintiffs cannot base a torious interference claim on the Agreement.

The Court further agrees with defendants that tortious interference claims cannot be based on defendants having "caused" the asset purchase of Herb Thyme. Although plaintiff alleges that the "defendants" caused the asset purchase, this allegation is directly contradicted by the asset purchase agreement itself, which shows that the asset sale arose as a result of Herb Thyme's default on its loan agreements. The asset purchase agreement is between Herb Thyme[4]

---

[4] There are also two entities that appear to be related to Herb Thyme, including Herb Thyme Holding Company. Plaintiffs make no allegations regarding these other "Herb Thyme" entities.

11

and its lenders on the one hand, and Rocket Farms on the other.  The asset purchase agreement expressly states that the sale arose as a result of Herb Thyme's default of certain lending agreements and that the lenders had given notice of their intent to conduct a private foreclosure sale of Herb Thyme assets held as collateral for the loans.  Thus, on its face, the asset purchase agreement contradicts plaintiffs' allegation that the Riverside defendants caused the asset sale. In their brief in opposition, plaintiffs argue that the tortious interference claims are proper because the Riverside defendants "allowed" Herb Thyme to default on its obligations to its lenders.  Although argued in the brief, the complaint simply does not contain these allegations. And, as repeatedly noted, Herb Thyme appears to be a separately incorporated entity and the complaint contains no allegations directed at a veil-piercing theory or the alter ego doctrine. Accordingly, plaintiffs fail to state claims for tortious interference.[5]

**CONCLUSION**

For the foregoing reasons,  the Motion of Riverside Partners, LLC and 2003 Riverside Capital Appreciation Fund, L.P. to Dismiss the Complaint (Doc. 13) is GRANTED.

IT IS SO ORDERED.

|  |  |
|---|---|
|  | /s/ Patricia A. Gaughan |
|  | PATRICIA A. GAUGHAN |
| Dated: 6/2/16 | United States District Judge |

---

[5] As it relates to plaintiffs' claim for tortious interference with the Modification, the Court notes that the Modification provides that it may be assigned and is binding on any entity that purchases Herb Thyme's assets.  Thus, even assuming *arguendo* that the Riverside defendants "caused" the sale of Herb Thyme's assets, it is not clear that the sale resulted in a breach of the Modification.